UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHER'MON A. ALLEN,

    Plaintiff,

v.                                    Case No. 5:22-cv-238-TKW/MJF

TINA WALLACE, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff Sher'mon Allen's complaint, the undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

### I. BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections ("FDC"). His inmate number is "T07183." On October 12, 2022, Plaintiff filed this civil-rights complaint pursuant to 42 U.S.C. § 1983 against six defendants: (1) Officer Tina Wallace; (2) Officer T. Shirah; (3) Sergeant Rickard; (4) Officer Walters; (5) Classification Officer Sabrina Hoover; and (6) Captain Bellemy. Doc. 1 at 1-4. On December 22, 2022, Plaintiff filed a first amended complaint. Doc. 8. In his amended

complaint, Plaintiff added the following Defendants (1) Captain Rotter; (2) Sergeant Mackus; and (3) Officer Clausbary;

Plaintiff asserts that Defendants violated the Eighth Amendment and Fourteenth Amendment. *Id.* at 8. On April 20, 2020, while the FDC confined Plaintiff at the Northwest Florida Reception Center, Officers Wallace and Shirah allegedly beat Plaintiff. Doc. 8 at 5. Plaintiff filed grievances regarding Wallace and Shirah's alleged misconduct, including the alleged excessive force incident. *Id.* Plaintiff alleges that when Sergeant Rickard learned of the grievances, Rickard attacked Plaintiff and punched Plaintiff in the head and stomach. *Id.* Rickard also authorized inmates to enter Plaintiff's cell and steal Plaintiff's personal property. *Id.* Plaintiff alleges that Captain Bellemy falsified documents relating to the theft of Plaintiff's property. *Id.* at 5-6.

Plaintiff also alleges that Officer Walter retaliated against Plaintiff by writing a false disciplinary report for possession of a cellular telephone. Doc. 1 at 6; Doc. 8 at 6. Plaintiff asserts that his cellmate claimed ownership of the telephone, but Classification Officer Sabrina Hoover found Plaintiff guilty and sentenced Plaintiff to 60 days in confinement and a loss of 30 days of earned gain time. Doc. 1 at 6.

On December 13, 2022, some person or persons not identified by Plaintiff sprayed Plaintiff with chemical agents. Afterwards, Clausbary and Mackus did not provide Plaintiff a decontamination shower. Instead, for more than 24 hours, they

left Plaintiff handcuffed in the cell that was contaminated with the chemical agents. Doc. 8 at 8.

For relief, Plaintiff seeks "criminal charges" against all Defendants and damages. *Id.*

## II. DISCUSSION

### A. Screening of Plaintiff's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see id.* § 1915(e).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL

2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (holding that dismissal of a prisoner-plaintiff's case for abuse of the judicial process under section 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**B.     Plaintiff's Disclosures**

Section VIII of the complaint form utilized by Plaintiff seeks information regarding his prior litigation. Doc. 1 at 9; Doc. 8 at 9. The complaint form expressly warns: "***Failure to disclose all prior cases may result in the dismissal of this case.***" Doc. 1 at 12; Doc. 8 at 12. The complaint form asks three questions:

> A. To the best of your knowledge, have you had any case dismissed as a reason listed in § 1915(g) which counts as a "strike"?
>
> B. Have you filed other lawsuits in either **state or federal court** dealing with the same facts or issues involved in this case?
>
> C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

Doc. 1 at 10–11; Doc. 8 at 10–11. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any question, then the plaintiff must disclose each case. Doc. 1 at 10–11; Doc. 8 at 10–11.

In response to each question, Plaintiff responded, "No," and did not disclose any cases. Doc. 1 at 10–11; Doc. 8 at 10–11. At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." Doc. 1 at 12–13; Doc. 8 at 12–13. Thus, at the time Plaintiff signed his complaint and his amended complaint, he asserted that he had never filed a case in federal court.

C.     **Plaintiff's Omission**

The undersigned takes judicial notice that when Plaintiff filed his complaint and amended complaint, he failed to disclose that he recently had filed a § 1983 action in which he had challenged the conditions of his confinement: *Allen v. Powell*, 4:19-cv-224-RH/MAF, ECF No. 1, Complaint (N.D. Fla. May 16, 2019).[1] That case is attributable to Plaintiff insofar as it bears his FDC inmate number "T07183." *See id.* at ECF No. 1 at 1.

---

[1] Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

Because he failed to disclose this case, Plaintiff violated his duty of candor to the District Court. *See Kendrick*, 2022 WL 2388425, at *3 (noting that *pro se litigants* "owe the same duty of candor to the court as imposed on any other litigant").

### D. The Materiality of Plaintiff's Omission

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint forms as detailed above. He knew from reading the complaint forms that he was required to disclose all prior cases that related to the conditions of his confinement. Doc. 1 at 10–12; Doc. 8 at 10–12. The complaint form expressly warns prisoners: "**Failure to**

***disclose all prior cases may result in the dismissal of this case.***" Doc. 1 at 12; Doc. 8 at 12. There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

To the extent he could not remember fully his litigation history or was unsure whether to disclose the case, Plaintiff could have indicated that on the complaint form. He did not. Rather, he twice affirmatively represented that he had never filed a federal lawsuit before commencing this action.

Additionally, a claim that Plaintiff could not remember his prior case would strain credulity. The most recent activity in that case occurred approximately one year prior to the commencement of this lawsuit.² Further, Plaintiff was aware that he should maintain in his property a list of all prior cases. At the commencement of a lawsuit, the clerk of the court sends a notice to *pro se* litigants advising litigants to

---

² Plaintiff's prior case was resolved through a settlement agreement. *Allen*, No. 4:19-cv-224, ECF Nos. 97, 100, 101. In the financial affidavit appended to his motion for leave to proceed *in forma pauperis*, Plaintiff admits that in the past year, he had received money from "gifts, inheritances, or any other sources." Doc. 2 at 2. Thus, it appears that Plaintiff had a general awareness of his prior case and that he received funds because of the settlement agreement.

keep a copy of all filings in their respective cases. *See* Doc. 3 at 2; *Allen*, No. 4:19-cv-224-RH/MAF, ECF No. 3 at 2, Notice to Pro Se (N.D. Fla. May 17, 2019).

Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E.     The Appropriate Sanction Is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[3] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding

---

[3] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The alleged misconduct in Plaintiff's complaint occurred between April 20, 2022 and December 14, 2022. Doc. 8 at 6. Thus, the statute of limitations likely would not bar Plaintiff from refiling this action in the near future.

that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 23rd day of December, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**