UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHER'MON A. ALLEN,

    Plaintiff,

v.                                                      Case No. 5:22cv238-TKW-MJF

TINA WALLACE, et al.,

    Defendants.

_____/

**ORDER**

    This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 9) and Plaintiff's objection (Doc. 12). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed based on Plaintiff's failure to fully disclose his litigation history.

    The Court did not overlook Plaintiff's argument that his failure to disclose his litigation history was not intended to deceive or mislead the Court, but that argument is difficult to square with Plaintiff's statement "that he purposely did not disclose his litigation history." Doc. 12 at 1 (emphasis added). Moreover, as Plaintiff now

appears to concede, *id.*, there was no excuse for his failure to disclose his litigation history because the complaint form required him to disclose "any other lawsuit in federal court … relating to the conditions of [his] confinement" irrespective of whether the prior case involved the same facts and issues as the current case or counted as a "strike."  *See Johnson v. MTC/Graceville Corr. Facility*, 2022 WL 17404306, at *1 (N.D. Fla. Dec. 2, 2022) (concluding that "it was unreasonable for Plaintiff to think that [he only had to disclose cases that were dismissed and counted as a strike] because … although Question VII.A. [on the complaint form] asks about prior cases that counted as a 'strike,' Question VII.C. specifically asks about '<u>any other lawsuit</u> in federal court ... relating to the conditions of ... confinement'") (emphasis in original).

The Court also did not overlook Plaintiff's argument that he was not being "malicious" because he did not intend to "cause harm to anyone."   However, in this context, a finding of "maliciousness" is "merely another way of saying that the complaint is an 'abuse of process' because it failed to fully disclose Plaintiff's litigation history."  *Allen v. Santiago*, 2022 WL 1284821, at *1 (N.D. Fla. Apr. 29, 2022) (citing *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013), for the proposition that a prisoner's "failure to comply with court rules requiring disclosures about a [his] previous litigation constitutes an abuse of the judicial process

warranting dismissal.").

    Accordingly, it is **ORDERED** that

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is **DISMISSED without prejudice** pursuant to 28 U.S.C. §§1915A(b)(1) and 1915(e)(2)(B)(i) for maliciousness and abuse of the judicial process.

3. The Clerk shall enter judgment in accordance with this Order and then close the case.

    **DONE and ORDERED** this 4th day of January, 2023.

                                      _____
                                      **T. KENT WETHERELL, II**
                                      **UNITED STATES DISTRICT JUDGE**